VIRGINIA STEWART *vs.* JANE SMITH AND LIZZIE CANNON.

EQUITY. No. 7146.

{ Decided March 24, 1884.
{ The CHIEF JUSTICE and Justices Cox and JAMES sitting.

1. A contract by a married woman for the loan of money to carry on the business of a boarding house in which she is engaged, is not a contract relating to her sole and separate property; but if she has equitably charged her separate estate with the payment of the debt, the creditor's remedy is in equity.

2. Under the Married Woman's Act in force in the District, whatever the character of the separate estate of a married woman, whether legal or equitable, she may make a contract having relation to it.

3. Where a married woman resides in Virginia and owns property to which under the laws of that State her right is sole and separate, she has, when she comes into this jurisdiction, the same capacity, although a non-resident, to sue in respect of such sole and separate right that a married woman in this District has.

4. S., a married woman, conveyed to C., in satisfaction of an indebtedness, a piece of property which largely exceeded in value that indebtedness. S. was, at the time of the conveyance, indebted to another for a loan of money which she had equitably charged upon the property. C. knew, at the time of the conveyance, of the existence of this debt, but it is not shown that she knew of its having been made an equitable charge upon the property. *Held*, that so much of the property conveyed which exceeded in value the indebtedness satisfied thereby, should be subjected to the satisfaction of this equitable charge, and that whether C. knew of the existence of the charge or not was immaterial.

THE CASE is stated in the opinion.

H. O. & R. CLAUGHTON for plaintiff.

JAMES K. REDINGTON for defendant.

Mr. Justice JAMES delivered the opinion of the court.

This is a bill in equity, which recites that in the year 1877 Jane Smith, a married woman, borrowed from the complainant the sum of $1,000, and at another time during the same year the further sum of $200; that at the time these sums were loaned, the defendant was engaged in keeping a boarding house, as a sole trader, at certain premises in Washington; that at the same time she was the owner in fee simple and in her separate right, of certain real estate

36

situated on F street in this city, and that she had charged this real estate with the payment of these two debts; that afterwards she refused to repay the loans, and with intent to defraud the complainant, conveyed this property to her co-defendant, Lizzie Cannon, for a fictitious consideration.

The first point presented for our determination is a demurrer which was overruled by the court below. The demurrer was interposed on the ground that the complainant should have first recovered a judgment at law against Mrs. Smith, and then filed a bill to set aside this alleged fraudulent conveyance. This defence, it will be seen, assumes that a legal liability for the return of this money has been incurred by the defendant. That is to say, that if it be true, as alleged in the bill, that in October, 1877, Jane Smith was engaged in keeping a boarding house as a trader for her sole and separate use in this city, and that in compliance with her request the plaintiff made these two loans to her for the purpose of providing means for carrying on this boarding-house business, then she incurred under the Married Woman's Act, a liability at law. We think, however, it is very clear she did not, and that no action at law would lie in this case. It is not shown, as in cases heretofore decided by us, that anything was procured for the outfit that the defendant already possessed. The facts show simply a loan of the money intended for the carrying on of the business of a boarding house. That does not make the contract for the loan of the money a contract relating in any way to her sole and separate property. There was, consequently, no case made out which would support an action at law, and the plaintiff's only remedy would be by showing in a court of equity that the defendant had contracted a debt which she had equitably charged upon her separate estate.

We have no doubt that whatever the character of the separate property of a married woman, whether it be legal or equitable, under our statute she may make a contract having relation to it. Our decision does not turn upon the nature of the property, but upon the ground that the defendant is

not shown by this bill to have made any such contract, which, in the contemplation of our statute, relates in any sense to her separate property.. On the other hand, it is evident she had made a contract by which, in a court of equity, she may be held as having charged her property with a certain liability.

Another objection made, not on the demurrer, but upon the evidence, is, that it was disclosed by the testimony that the plaintiff, who lives in Virginia, was herself at the time of bringing this action, a married woman, and that she could not sue for the money which she had loaned, but must join with her husband. We were referred to the Virginia statute on that subject. We have examined that statute carefully, and we find that the proviso does not affect the right of action in a case where the married woman had a property which she owned before her marriage. The first clause of that statute distinctly lays down the status of her property, and declares that where she owned the property, as in the case of this plaintiff before her marriage, it remains her sole and separate property, and that she can sue and be sued in respect of it.

It appears, therefore, that the right of this plaintiff as a married woman was sole and separate, and like that of a *feme sole* in Virginia. Her husband had no interest whatever in the matter ; and when she comes into this jurisdiction, she has the same capacity, although a non-resident, to sue in respect of such right that a married woman has in this District. There is no difficulty, therefore, in this case as to the plaintiff's personal status.

The only three remaining questions are questions of fact :

1. Whether there was a loan.

2. Whether it was charged upon this property ; and

3. Whether this property was conveyed to Lizzie Cannon in fraud of the plaintiff.

There is a conflict of testimony that gave us no little trouble, as to whether this advance of money, which is admitted by the defendants to have been made, was a gift, as the defendant and her husband have sworn, or whether it

was an ordinary loan, intended to be repaid. After comparing the testimony, we have come to the conclusion that we must treat it as a loan. There is such a general presumption against a gift of this sort, that it ought to be very distinctly shown, if such was the case, and this was not done. On the contrary, we could not but observe some shifting of ground, and conflict of testimony, by the defendant, as to the reasons why the plaintiff gave her this money, and with this fact before us, taken with the general presumption, from our knowledge of human nature, that it is more likely that money is loaned than given, we felt compelled to treat this as a loan.

We are also led to the conclusion that there was an assurance given by the defendant equivalent to a charge of the debt upon this property.

The final inquiry is, whether the property was conveyed to Lizzie Cannon in fraud of this debt. It appears by the testimony that a loan had been made by her to Jane Smith for the improvement of this very property, and that the property itself was subsequently conveyed to Lizzie Cannon for $2,000, the consideration named in the deed. Whether this alleged loan had any existence in point of fact was disputed by the plaintiff. It appears, however, that the defendant Cannon had been serving in government employ here for seventeen or eighteen years. She stated what her compensation had been, and we are satisfied that out of such service and receipts she could very well have saved money enough to make this loan, and that as a matter of fact it was made.

But we find that this same property, yielding a rent of some $40 a month, must be valued at an amount largely exceeding the consideration stated in the deed. In other words, we find that a very large excess of value seems to have been conveyed to her when this debt of Mrs. Smith was in existence. It was said that she bought it with knowledge of that indebtedness, and also with knowledge that it had been charged upon the property. But we do not find it to be clear that she bought it with knowledge of the charge,

although there seems to be sufficient evidence that she knew that there was a debt.

We find further that this property was conveyed to her for an insufficient consideration. At one time, where a conveyance was made in fraud of creditors, it was set aside entirely, but the courts have modified that doctrine, and now hold that all that is given in plain excess of the satisfaction of the debt, when property is conveyed to a creditor for the payment of a debt, is a voluntary gift. Courts of equity separate the conveyance, so far as it is really in satisfaction of the debt, from the conveyance which is plainly not in satisfaction of the debt, and the latter they consider to be fraudulent and void as against the creditor.

We, therefore, have arrived at the conclusion that the title of Lizzie Cannon may stand good so far as it was in satisfaction of her $2,000, and that for any excess over that, it was a voluntary gift, to be reached by this creditor who had this charge.

We do not inquire whether she knew of the charge or not, it is enough that the charge existed, whether with or without her knowledge, is unimportant.

We do not allow the defendant Cannon any interest, because she has had possession of this property and has been receiving the rents.